Dear Mr. Hoffmann:
This office is in receipt of your recent opinion request regarding the effect of Act 154 of the 2009 Louisiana Legislative Session on Louisiana Revised Statute 14:95.1, specifically with regard to a person who has been convicted of Possession of a Stolen Firearm under 18 U.S.C. 922(j).
Louisiana Revised Statute 14:95.1 bears the title "Possession of firearm or carrying concealed weapon by a person convicted of certain felonies." Prior to the 2009 Louisiana Legislative Session, it read, in pertinent part:
 A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon. (emphasis added).
Therefore, La.R.S. 14:95.1 makes it unlawful for any person who has been convicted of one of the enumerated crimes listed in the statute from possessing a *Page 2 
firearm or carrying a concealed weapon. La.R.S. 14:95.1 also states that if a person is convicted of a crime in any other state, the United States or any foreign government or country which, if committed in this state, would be any of the enumerated crimes listed in the statute, then that person, although convicted under a law other than Louisiana law, is still barred from possessing a firearm or concealed weapon under La.R.S. 14:95.1.
Act 154 of the 2009 Louisiana Legislative Session only added subsection (D) to Louisiana Revised Statute 14:95.1. Act 154 added subsection (D) in order to provide a definition for the term "firearm" for purposes of La.R.S. 14:95.1. Specifically, Act 154 amends La.R.S. 14:95.1 only to add the following language to the statute:
 D. For the purposes of this Section, "firearm" means any pistol, revolver, rifle, shotgun, machine gun, submachine gun, black powder weapon, or assault rifle which is designed to fire or is capable of firing fixed cartridge ammunition or from which a shot or projectile is discharged by an explosive.
Act 154 only provides a definition for the term "firearm" as it is used in La.R.S. 14:95.1. As stated above, La.R.S. 14:95.1 only prohibits persons convicted of one of the crimes listed in the statute from possessing a firearm or carrying a concealed weapon.Act 154 does not alter the list of enumerated crimes inLouisiana Revised Statute 14:95.1 in any way. Therefore, the convicted persons that La.R.S. 14:95.1 applied to prior to the enactment of Act 154 would still be the only persons prevented from possessing a firearm or carrying a concealed weapon under Louisiana Revised Statute 14:95.1, if it were not for Act 160 of the 2009 Louisiana Legislative Session.
Act 160 of the 2009 Louisiana Legislative Session has added offenses to the enumerated list of offenses in La.R.S. 14:95.1. After Act 160, La.R.S. 14:95.1 now reads:
 A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or *Page 3 
of the United States or any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon. (emphasis added).
After the enactment of Act 160, if a person is convicted of possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, it is unlawful under La.R.S. 14:95.1 for that person to possess a firearm or carry a concealed weapon.
The question posed is whether Act 154 makes it illegal under La.R.S. 14:95.1 for someone who has been convicted in federal court under 18 U.S.C. 922(j), Possession of a Stolen Firearm, to possess a firearm or carry a concealed weapon. La.R.S. 14:69.1 makes possession of a stolen firearm illegal. As stated above, only those persons convicted of an enumerated crime listed in La.R.S. 14:95.1 are prohibited from possessing a firearm or carrying a concealed weapon. Possession of a stolen firearm under La.R.S. 14:69.1 is not an enumerated crime in La.R.S. 14:95.1 and therefore persons convicted of possession of a stolen firearm under La.R.S. 14:69.1 are not prohibited from possessing a firearm or carrying a concealed weapon.
La.R.S. 14:95.1 says that if a person is convicted of a crime in any other state, the United States or any foreign government or country which, if committed in this state, would be any of theenumerated crimes listed in the statute, then that person, although convicted under a law other than Louisiana law, is still barred from possessing a firearm or concealed weapon under La.R.S. 14:95.1. A conviction in federal court under18 U.S.C. 922(j) for possession of a stolen firearm would not, if committed in Louisiana, be one of the enumerated crimes listed in La.R.S. 14:95.1. Under federal law, 18 U.S.C. 922(j) reads:
 It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.
If the acts made illegal under 18 U.S.C. 922(j) were committed in Louisiana, a defendant would be convicted under La.R.S. 14:69.1, Illegal Possession of a Stolen Firearm, which reads in pertinent part:
 A. Illegal possession of stolen firearms is the intentional possessing, procuring, receiving, or concealing of a firearm which has been the subject of any robbery or theft under circumstances which indicate *Page 4 
that the offender knew or should have known that the firearm was the subject of a robbery or theft.
Therefore, because La.R.S. 14:95.1 does not list illegal possession of a stolen firearm under La.R.S. 14:69.1 as an enumerated crime, a defendant convicted of such crime would not be subject to the prohibitions under La.R.S. 14:95.1. Moreover, because a person convicted of possession of a stolen firearm under 18 U.S.C. 822(j) would be subject to prosecution under La.R.S. 14:69.1 if the crime had been committed in Louisiana, they would not be subject to the prohibitions in La.R.S. 14:95.1 because illegal possession of a stolen firearm under La.R.S. 14:69.1 is not an enumerated crime under La.R.S. 14:95.1.
In conclusion, Act 154 simply adds a definition to the term "firearm" for purposes of La.R.S. 14:95.1. Act 154 does not alter the enumerated crimes listed in La.R.S. 14:95.1 of which, if convicted, prohibits a person from possessing a firearm or carrying a concealed weapon. It is important to note that Act 160 does alter the list of enumerated crimes for which, if convicted, prohibits a person from possessing a firearm or carrying a concealed weapon.
A person convicted in federal court of18 U.S.C. 922(j), possession of a stolen firearm, would be charged with violation of La.R.S. 14:69.1, illegal possession of a stolen firearm, if that same crime had been committed in Louisiana. The illegal possession of a stolen firearm is not an enumerated crime in La.R.S. 14:95.1 and therefore, a person convicted of such crime would not be prohibited from possessing a firearm or carrying a concealed weapon. Moreover, Act 160 does not add the crime of illegal possession of a stolen firearm to the list of enumerated crimes in La.R.S. 14:95.1 and therefore, Act 160 has no effect with regards to La.R.S. 14:95.1 on a person convicted of18 U.S.C. 922(j). A person convicted under 18 U.S.C. 922(j) is not prohibited from possessing a firearm or carrying a concealed weapon under La.R.S. 14:95.1.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ TIFFANY BOURQUE ASSISTANT ATTORNEY GENERAL
 TB/jy